UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Andrew M. Wichelns**

           **Plaintiff,**

    -v-           **5:12-CV-1595 (NAM/ATB)**

**Commissioner of Social Security,**

           **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Olinsky Law Group
Howard D. Olinsky, Esq., of counsel
300 S. State Street, Suite 420
Syracuse, New York 13202
Attorney for Plaintiff

Hon. Richard S. Hartunian, United States Attorney
Jeremy A. Linden, Esq., Special Assistant United States Attorney
Social Security Administration, Office of Regional General Counsel, Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorney for Defendant

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

   After his application for Supplemental Security Income benefits was initially denied, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing, at which plaintiff testified. The ALJ found as follows: that plaintiff suffered from depression, anxiety, and a history of alcohol abuse, in remission, all of which are severe impairments; that plaintiff did not have an impairment or combination of impairments that meets or medically equals a listed impairment; that plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following

nonexertional limitations: he retains the capacity for simple and semi-skilled work; and that plaintiff would be able to perform his past relevant work as a boat builder. Thus, the ALJ determined that plaintiff was not disabled. The Appeals Council denied plaintiff's request for review; thus, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").

Plaintiff sought judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Andrew T. Baxter issued a Report and Recommendation (Dkt. No. 17) recommending that the Commissioner's decision be affirmed and the complaint dismissed. Plaintiff objects, arguing that this Court should reject the following two recommendations by Magistrate Judge Baxter: (1) that the ALJ's credibility determination was supported by substantial evidence; and (2) that the ALJ's "Step 4" determination was supported by substantial evidence. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects.

The Social Security Act provides for judicial review in district court of any final decision of the Commissioner. *See* 42 U.S.C. § 405(g). Upon such review, district court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id*. The district court "may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. § 405(g)). The Commissioner's findings as to any fact, "if supported by

substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw*, 221 F.3d at 131 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The Court adopts Magistrate Judge Baxter's summary of the record and his discussion of the applicable law. The Report and Recommendation discussed in detail the two issues upon which plaintiff bases his objection. Upon *de novo* review of the matters raised in the objection, the Court adopts Magistrate Judge Baxter's analysis of these issues and addresses them only briefly here.

First, plaintiff contends that this Court should reject Magistrate Judge Baxter's recommendation that the ALJ's determination regarding plaintiff's credibility was supported by substantial evidence. Specifically, plaintiff challenges the ALJ's rejection of plaintiff's statements about the intensity and persistence of his symptoms. According to plaintiff, the ALJ improperly rejected these statements solely on the ground that they were inconsistent with the medical evidence. The ALJ stated: "The credibility of the [Plaintiff's] allegations is weakened by inconsistencies between his allegations and the medical evidence. All of the inconsistent information provided by the [Plaintiff] may not be the result of a conscious intention to mislead, nevertheless the inconsistencies suggest that the information provided by the [Plaintiff] generally may not be entirely reliable." Magistrate Judge Baxter correctly set forth the applicable law and relevant record evidence, and this Court agrees with Magistrate Judge Baxter's conclusion that the ALJ's credibility finding was supported by inconsistencies in the record, as well as the medical evidence. Plaintiff points to 20 C.F.R. § 416.929(c)(2), which provides that the ALJ "will not reject [a claimant's] statements about the intensity and persistence of [his] pain or other

symptoms or about the effect [his] symptoms have on [his] ability to work ... solely because the available objective medical evidence does not substantiate [his] statements." Here, however, the ALJ did not rely solely on the medical evidence in assessing plaintiff's credibility. Rather, he discussed other relevant record evidence, including evidence regarding plaintiff's daily activities and his medications and their effectiveness. Further, a review of the entire record does not support plaintiff's contention that the ALJ improperly selectively chose to discuss only the record evidence that supported his decision. On reviewing this issue *de novo*, the Court finds that the ALJ's determination regarding plaintiff's credibility was supported by substantial evidence. The Report and Recommendation is adopted in this regard.

Second, plaintiff argues that this Court should reject Magistrate Judge Baxter's recommendation that substantial evidence supports the ALJ's "Step 4" determination, *i.e.*, that plaintiff's residual functional capacity enables him to perform the requirements of his past relevant work. Plaintiff raised the same argument in his memorandum of law herein. Upon *de novo* review, the Court finds that the ALJ's determination is supported by substantial evidence, and adopts the Report and Recommendation on this issue.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 17) is adopted and accepted in its entirety; and it is further

ORDERED that the appeal is denied, the Commissioner's decision is affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

Date: March 31, 2014
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge